UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quintin M. Littlejohn, | C/A No. 7:10-1953-RBH-KFM |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Shady Grove Baptist Church; Thickety Mountain Auxiliaries, | |
| Defendants. | |

## *Background of this Case*

The plaintiff is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977).[1] The plaintiff was confined in the South Carolina Department of Corrections until May of 2003, when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County. The plaintiff currently resides in Gaffney, South Carolina. The defendants are a church in Gaffney and auxiliary organizations to the defendant church.

---

[1] The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in *Quintin Littlejohn v. William J. Clinton*, President of the United States, Civil Action No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to the plaintiff's pleadings for docket control purposes.

1

In the complaint, the plaintiff alleges that the defendants have committed fraud, deceit, fornication, and adultery. The plaintiff, who contends that the defendants have violated Canon Law, also alleges that the defendants "swing" and engage in obscene behavior. In his prayer for relief, the plaintiff writes: "Plaintiff demands full worth of K-DLLL times K-DLLL. 28 USCA 2201-2."[2]

### *Discussion*

The plaintiff is a *pro se* litigant, proceeding pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

---

[2]The plaintiff often uses the phrase "K-DLLL" in his pleadings. *See also* plaintiff's Answer to Court's Special Interrogatory (Entry No. 2) in *Quintin Littlejohn v. Bill Clinton, et al.*, Civil Action No. 6:01-2285-13AK, where in the petitioner, in response to a Special Interrogatory from this court, explained that the acronym "K-DLLL" stands for "Kosovo Doctrine Littlejohn Litigation Law."

**Color of State Law**

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant deprived him or her of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A private individual or entity can act under color of state law if willfully participating in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). However, purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). Here, no allegations are presented to suggest that the defendants acted under color of state law, so an action under 42 U.S.C. § 1983 fails.

**Lack of Diversity**

To the extent the plaintiff alleges state law causes of action for breach of fiduciary duty, conversion, fraud, and outrage, these claims fail for lack of diversity. A state law cause of action would be cognizable in this federal court if complete diversity exists between the parties and the amount in controversy is in excess of $75,000.00. 28 U.S.C. § 1332. Complete diversity exists when no party on one side is a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). Since the action involves only parties from South Carolina, diversity is not present in this case, and the plaintiff's state law causes of action cannot be maintained in federal court.

**Establishment Clause**

The plaintiff's religious claims concerning the behavior of members of Shady Grove Baptist Church or its auxiliaries are not cognizable in a United States District Court because the Establishment Clause of the First Amendment prohibits federal courts from involvement in such religious disputes. As a court of limited jurisdiction, the United States District Court lacks jurisdiction over disputes concerning ecclesiastical law, rabbinical law, Canon Law, Islamic law, or religious disputes. *See Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976). As a result, a district court's exercise of jurisdiction over religious matters would violate the Establishment Clause. *See id.*

*Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915. The plaintiff's attention is directed to the important Notice on the next page.

August 2, 2010  
Greenville, South Carolina

s/Kevin F. McDonald  
United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).